# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# DELTA DIVISION

**JARELL D. TERRY**                                                 **PLAINTIFF**
**ADC #149998**

**V.**                   **NO. 2:23-cv-00059-BSM-ERE**

**DEXTER PAYNE and**
**WILLIAM STRAUGHN**                                    **DEFENDANTS**

## RECOMMENDED DISPOSITION

**I.**     **Procedure for Filing Objections:**

This Recommendation has been sent to United States District Judge Brian S. Miller. You may file objections if you disagree with the findings or conclusions set out in the Recommendation. Objections should be specific and include the factual or legal basis for the objection.

Objections must be filed within fourteen days. If you do not object, you risk waiving the right to appeal questions of fact, and Judge Miller can adopt this Recommendation without independently reviewing the record.

**II.**    **Discussion:**

    **A.**    **Background**

Plaintiff Jarell D. Terry, an Arkansas Division of Correction ("ADC") inmate, filed this civil rights lawsuit *pro se* under 42 U.S.C. § 1983. *Doc. 2*. Mr. Terry alleges that ADC officials have denied inmates at the East Arkansas Regional Unit access

to razors, electronic clippers, and haircuts for three months at a time. *Doc. 2 at 4*. When inmates are allowed haircuts, Mr. Terry claims that the "inmate barbers give malicious haircuts." *Id*. Because Mr. Terry is indigent, he lacks sufficient funds to purchase a razor or mirror to properly groom himself. As a result, he suffers increased depression and anxiety. Mr. Terry states that Director Dexter Payne and Deputy Director William Straughn are aware of these conditions, but they have failed to remedy the situation. He seeks nominal damages and injunctive relief.

For the following reasons, Mr. Terry's claims should be dismissed for failure to state a plausible constitutional claim for relief.

  **B.**   **Analysis**

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints and to dismiss any claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(a) & (b). When making this determination, a court must accept the truth of the factual allegations contained in the complaint, and it may consider documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

In deciding whether Mr. Terry has stated a plausible claim for relief under § 1983, the Court must determine whether the allegations in the complaint, which are

presumed true, "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint cannot simply "[leave] open the possibility that a plaintiff might later establish some 'set of undisclosed facts' to support recovery." *Id.* at 561 (citation omitted). Rather, the facts set forth in the complaint must "nudge [the] claims across the line from conceivable to plausible." *Id.* at 570.

The Constitution "does not mandate comfortable prisons"; it prohibits "inhumane ones." *Williams v. Delo*, 49 F.3d 442, 445 (8th Cir. 1995) (quoting *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)). To state an Eighth Amendment conditions of confinement claim, Mr. Terry must allege: (1) the alleged deprivation was objectively, sufficiently serious, resulting in the denial of the minimal civilized measure of life's necessities, and (2) prison officials were deliberately indifferent to an excessive risk to inmate health or safety, meaning the officials actually knew of and disregarded the risk. *Id*. Therefore, the Court must determine whether the deprivation was sufficiently serious and whether Defendants acted with a sufficiently culpable state of mind. *Choate v. Lockhart*, 7 F.3d 1370, 1373 (8th Cir. 1993) (internal citation omitted).

While the denial of access to proper grooming tools might be uncomfortable, "[c]onditions of confinement . . . constitute cruel and unusual punishment 'only when they have a mutually enforcing effect that produces the deprivation of a single,

identifiable human need such as food, warmth, or exercise.'" *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981) (quoting *Wilson v. Seiter*, 501 U.S. at 304)). See *Sterling v. Taylor*, 2017 WL 1511296, at *4 (E.D. Ark. Feb. 28, 2017) (inmate's claim that he was not permitted to shave or have his hair cut held insufficient to demonstrate cruel and unusual punishment); *Baughns v. Williams*, 2022 WL 1215069, at *5 (M.D. Ga. Apr. 25, 2022) ("[p]laintiff failed to plead facts sufficient to show that the deprivation of razors or clippers . . . was serious or extreme enough to rise to the level of a constitutional violation"); *Baudoin v. Miller*, 2011 WL 1752015, at *2 (S.D. Miss. May 9, 2011) ("limited access to shaving razors during [p]laintiff's incarceration . . . [did] not violate the United States Constitution"); and *Tucker v. Randall*, 840 F. Supp. 1237, 1247 (N.D. Ill. 1993) (temporary deprivations of minor hygienic items did not rise to the level of a constitutional violation).

Furthermore, Mr. Terry fails to plead sufficient facts that either Defendant Payne or Straughn acted with intentional deliberate indifference by denying him access to proper grooming tools. Rather, Mr. Terry states that these conditions are the result of "laziness and staff shortage." *Doc. 2 at 4*. These are allegations of negligence, which can't support a federal constitutional violation. See *Holden v. Hirner*, 663 F.3d 336, 341 (8th Cir. 2011) ("[D]eliberate indifference includes something more than negligence but less than actual intent to harm; it requires proof of a reckless disregard of the known risk.") (omitting citation and internal quotes).

Accordingly, Mr. Terry has failed to state a plausible constitutional claim for relief.

### III. Conclusion:

IT IS THEREFORE RECOMMENDED THAT:

1. Mr. Terry's complaint be DISMISSED, without prejudice, based on his failure to state a plausible constitutional claim for relief.

2. The Clerk be instructed to close this case.

3. In the future, this dismissal be considered a "strike" for purposes of 28 U.S.C. § 1915(g). And an *in forma pauperis* appeal of this dismissal would be frivolous and not taken in good faith.

Dated this 3rd day of April, 2023.

_____
UNITED STATES MAGISTRATE JUDGE